IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATHAN ALLEN ARMSTRONG )<br>    Plaintiff )<br>)<br>vs. )<br>)<br>THOMAS CORBETT, ESQUIRE, et al, )<br>    Defendants. ) | C.A.No. 07-135 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 10] be granted.

The Clerk of Courts is hereby directed to redocket Plaintiff's "motion to destroy" the motion to dismiss [Document # 13] as a brief in opposition to Defendants' motion to dismiss.

**II    REPORT**

    **A.    Procedural History**

Plaintiff filed the instant civil rights action on June 1, 2007. Named as Defendants are: Thomas Corbett, Esq.; Scott Bradley, Esq.; and Susan Forney, Esq., all of the Pennsylvania Attorney General's office. Document # 4. Plaintiff alleges that Defendant Bradley (and by extension, his supervisors, Defendants Corbett and Forney) submitted false and fabricated documents in the government's response to a petition for writ of habeas corpus filed by Plaintiff at Civil Action Number 2:07-cv-218. Plaintiff brings this action pursuant to 42 U.S.C. §§ 1983, 1985, 1987 and 1988. As relief, Plaintiff seeks monetary damages, as well as the filing of criminal charges against Defendant Bradley.

Defendants have filed a motion to dismiss [Document # 10] and in opposition to that

1

pending motion, Plaintiff has filed a "Motion to Destroy" [Document # 13]. The issues are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319

(1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, ___ U.S. ___, 127 S. Ct. at 1965 citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, ___ U.S. ___, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974.

### C. Immunity

Plaintiff seeks to impose liability upon Defendants for their representation of the Pennsylvania Board of Probation and Parole in a habeas corpus action. Defendants argue that they are immune from liability for their actions in this regard.[1]

---

[1] This Court also notes that Defendants are not state actors for purposes of imposing liability under 42 U.S.C. § 1983. See Briscoe v. LaHue, 460 U.S. 325, 330 n.6 (1983).

3

Defendant Bradley, as well as his supervisors[2] Defendants Corbett and Forney, are entitled to absolute immunity in defending the Board of Probation and Parole. See Elliot v. Dorian, 2007 WL 12031 (W.D. Pa.) citing Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) and Forrester v. White, 484 U.S. 219, 223-24 (1988).

Accordingly, the motion to dismiss should be granted.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 10] be granted.

The Clerk of Courts is hereby directed to redocket Plaintiff's "motion to destroy" the motion to dismiss [Document # 13] as a brief in opposition to Defendants' motion to dismiss.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[2] Defendants Corbett and Forney cannot be held liable for the acts of Defendant Bradley. When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

4

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: January 29, 2008